Opinions of the United States Court of Appeals for the Third Circuit



12-15-2006

# Sutrisno v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4654

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Sutrisno v. Atty Gen USA" (2006). *2006 Decisions.* Paper 88.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/88

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4654
_____

RUDI SUTRISNO,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A96-262-298)
Immigration Judge Donald V. Ferlise

Submitted Under Third Circuit LAR 34.1(a)
October 4, 2006

Before: McKEE, AMBRO, and NYGAARD, Circuit Judges.

(Filed: December 15, 2006)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Rudi Sutrisno, a native and citizen of Indonesia, was granted a visitor visa on October 29, 1998. Sustrisno's visa expired on January 28, 1999, but he nonetheless remained in the United States. On April 16, 2003, the Government initiated removal proceedings against him. He conceded removability, but applied for asylum, withholding of removal, protection from removal pursuant to the Convention Against Torture[1] or, alternatively, permission to depart voluntarily.

In his applications for relief, Sutrisno alleged native Muslims subjected him to racial and religious discrimination in Indonesia. In particular, he asserted three Muslim men attempted to rape his sister, stoned his house and later set his house ablaze. Although Indonesian authorities prosecuted and imprisoned the men, Sutrisno maintains he is afraid they will retaliate against him should he return to his homeland.

At his appearance before Immigration Judge Donald V. Ferlise, Sutrisno testified and submitted documentary evidence that indicated his father died from a stroke induced by the attacks against the family. The IJ found Sutrisno's application for asylum untimely and concluded Sutrisno failed to establish changed or extraordinary circumstances excused the delayed filing. The IJ also found Sutrisno "generally" not credible and surmised that, even if credible, Sutrisno failed to produce substantial evidence of past persecution or a reasonable fear of future persecution. The IJ ultimately denied Sutrisno's

---

1. In his petition for review by this Court, Sutrisno does not contest the BIA's subsequent denial of his CAT claim.

applications for asylum, withholding of removal and Convention Against Torture relief, but granted permission to depart voluntarily. The Board of Immigration Appeals affirmed, adopted the IJ's findings and denied Sutrisno's appeal. We will deny review.

## II.

## A.

Even if an alien fails to meet the one-year filing deadline, he may still apply for asylum if he demonstrates, "to the satisfaction of the Attorney General," the existence of: 1) changed circumstances which materially affect his eligibility; or 2) extraordinary circumstances relating to his delay in filing. 8 U.S.C. §1158(a)(2)(D) (2006).

The IJ found Sutrisno failed to establish "changed" or "extraordinary" circumstances" which might justify his failure to file his application in a timely manner. Despite the changes implemented by the REAL ID Act, 8 U.S.C. §1158(a)(3) deprives us of jurisdiction to review the IJ's determination. *Sukwanputra v. Gonzales*, 434 F.3d 627, 635 (3d Cir. 2006).

## B.

Next, we review adverse credibility determinations for substantial evidence. *Sukwanputra*, 434 F.3d at 636 (citing *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002)). Substantial evidence is relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Ezeagwuna v. Ashcroft*, 301 F.3d 116, 126 (3d Cir. 2002). We defer

3

to the IJ's credibility determination, unless his findings are not reasonably grounded in the record. *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003).

The IJ did not base his adverse credibility determination upon "mere conjecture." *Sukwanputra*, 434 F.3d at 637. Rather, the IJ found material discrepancies between Sutrisno's affidavit and testimony, as well as between statements he made during the hearing. *Xie v. Ashcroft*, 359 F.3d 239, 246 (3d Cir. 2004). Sutrisno gave inconsistent accounts of the alleged targeting of his family and presented little or no other evidence to substantiate his claims. The IJ reasonably concluded Sutrisno fabricated his story.

## C.

"The Attorney General may not remove an alien to a country if the Attorney General decides the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §1231(b)(3)(A)(2006). To obtain relief under this section, an alien must demonstrate that it is more likely than not – that there is a "clear probability" – his life or freedom would be threatened in the country of deportation. *Zubeda v. Ashcroft*, 333 F.3d 463, 470 (3d Cir. 2003).

The IJ properly refused to grant Sutrisno withholding of removal. Sutrisno failed to establish a "clear probability" his life or freedom would be jeopardized for racial, religious or other reasons should he return to Indonesia. In fact, the record indicates his family was targeted by vindictive criminals, and that the government duly responded by

4

prosecuting and punishing them. He has provided no evidence the attackers pose a continuing threat to him or his family.

## D.

Finally, Sutrisno contends the Immigration Judge erred by refusing to grant discretionary relief pursuant to 8 C.F.R. §208.14(a). "Unless otherwise prohibited in §208.13(c), an immigration judge may grant or deny asylum in the exercise of discretion to an applicant who qualifies as a refugee under section 101(a)(42) of the Act." 8 C.F.R. §208.14(a) (2006). An applicant qualifies as a refugee if he demonstrates he has suffered past persecution or has a well-founded fear of future persecution. 8 C.F.R. §208.13(b) (2006).

Sutrisno argues "many equities" favor discretionary relief in his case. He posits he has already resided in the U.S. for a significant period of time, obeys U.S. laws, possesses good moral character and has a "well-founded fear of persecution."

If Sutrisno could demonstrate past persecution, he would be entitled to a presumption that his alleged fear of future persecution is well-founded. 8 C.F.R. §208.13(b)(1) (2006). As explained *supra*, Sutrisno has not established he was persecuted on account of his race, nationality, membership in a particular social group or political opinion. Sutrisno must therefore demonstrate a subjective fear of future persecution through credible testimony that his fear is genuine. *Sukwanputra*, 434 F.3d at 637 (citing *Zubeda v. Ashcroft*, 333 F.3d 463, 469 (3d Cir. 2003)). Sutrisno failed to meet this first,

5

subjective prong, because the IJ deemed his testimony not credible. As a result, we need not consider whether he has met the second, objective prong of the refugee standard. Sutrisno has failed to establish he is a qualified "refugee," and therefore cannot be granted discretionary relief.

III.

The IJ's determination that Sutrisno failed to justify delay in filing his asylum application is not subject to review. After reviewing the IJ's other determinations, we conclude Sutrisno is not eligible for withholding of removal or discretionary relief. Accordingly, we deny Sutrisno's petition for review.